IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| **MICHAEL THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:11-0449 |
| | ) | |
| **E.K. CAULEY, Warden,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On June 27, 2011, Mr. Thomas, proceeding *pro se* and presently in confinement at FCI McDowell, filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody (Document No. 1.) and Memorandum in Support (Document No. 2.).[1] In his Petition, Mr. Thomas states the following grounds for relief: (1) Deliberate Indifference; and (2) Cruel and Unusual Punishment. (Document No. 1, p. 6.) In his Memorandum in Support, Mr. Thomas alleges "[s]ince October 4, 2004 until the present date, I have been filing administrative remedies complaining about the deliberate indifference continuously perpetrated by several Bureau of Prisons facilities."[2] (Document No. 2, p. 1.) Mr. Thomas asserts that "[t]hrough dilatory tactics

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. *Wilson v. Seiter*, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). To satisfy the subjective component, a plaintiff must allege each defendant's consciousness of the risk of harm to plaintiff. *See Farmer*, supra, 511 U.S. at 840, 114 S.Ct. at 1980. Mr. Thomas, however, fails to name prison officials that knew of and disregarded an excessive risk to his health or safety.

and strategic institutional transfers, [he] has been repeatedly denied the medical care and attention [he] is legally entitled." (Id.) Specifically, Mr. Thomas states as follows:

\* \* \*

In the instant case, FCI Cumberland, USP Hazelton, USP Big Sandy, USP Lee County, and FCI McDowell,[3] and the medical staff thereof have been aware of my apparent serious medical needs, but have ignored and failed to properly treat them. In November 2004, I went blind following a surgery to have a tumor removed. The doctor advised me at that time that my sight would return, but to date it has not – seven (7) years later.

Throughout my time in BOP custody, subsequent to becoming blind, I have repeatedly filed administrative remedy complaints against medical and education, regarding their collective failure to determine why my sight has not returned, and why education has not made appropriate accommodations to make the educational facilities and program accessible to me. Through the administrative process, these various departments have employed dilatory tactics to conceal their wrongdoing by straight out denials, aided and abetted fraudulent acts, complete denials to provide medical-care, and institutional transfers.

\* \* \*

(Id., pp. 2 - 3.) As Exhibits, Mr. Thomas attaches the following: (1) Copies of his requests for "sick-call;" (2) Copies of Requests for Administrative Remedies; (3) Copies of Receipts for Administrative Remedies; (4) Copies of Responses to Requests for Administrative Remedies; (5) Copies of Administrative Remedy Appeals; (6) A copy of the U.S. Department of Justice's denial letter regarding Tort Claim No. TRT-MXR-2006-05383; and (7) A copy of Mr. Thomas' "Transfer

---

[3] It is well established that federal inmates may file claims of personal liability against individual prison officials for violations of their constitutional and civil rights pursuant to *Bivens*, but may not assert claims against the government or prison officials in their official capacities. FCI Cumberland, USP Hazelton, USP Big Sandy, USP Lee County, and FCI McDowell are not "persons" as required by *Bivens*. See *Murphy-Barber v. Murry*, 91 F.3d 132 (4th Cir. 1996)(finding the Bureau of Prisons is not a person subject to suit under *Bivens*). As stated above, federal agencies are not proper defendants under *Bivens*. Therefore, the undersigned concludes that Plaintiff's Complaint should be dismissed to the extent he names FCI Cumberland, USP Hazelton, USP Big Sandy, USP Lee County, and FCI McDowell as Defendants.

Summary" from FMC Butner. (Document No. 2-1.)

By Order entered on June 29, 2011, the undersigned construed Mr. Thomas's Petition as a civil action filed under Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[4] (Document No. 6.) The undersigned further ordered that "the Clerk send Mr. Thomas a copy of a form Complaint and Application to Proceed *in forma pauperis* and that within 45 days of the date of entry of this Order (1) Mr. Thomas file the form Complaint specifying, among other things, the Defendant(s) in his Bivens action, his constitutional claims, and specific facts as to how each Defendant violated his constitutional rights; and (2) Mr. Thomas either pay the $350.00 filing fee, or file the Application to Proceed *in Forma Pauperis* and other documents as required by 28 U.S.C. § 1915(a)(1) and (2). (Id.) Finally, the undersigned notified Mr. Thomas as follows:

> Failure of Mr. Thomas to file a form Complaint and complete Application to Proceed *in forma pauperis* or Without Prepayment of Fees within forty-five (45) days from the date of this Order will result in a recommendation of dismissal of this matter without prejudice Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia.

(Id.)

On August 2, 2011, Mr. Thomas filed a Motion for Extension of Time. (Document No. 7.) Specifically, Mr. Thomas requested a sixty day extension of time in which to comply with the Court's June 29, 2011, Order. (Id.) By Order entered on August 3, 2011, the undersigned granted

---

[4] A Section 2241 petition is used to attack the manner in which a sentence is executed, e.g., time credit calculations. Thus, a Section 2241 petition is appropriate where the prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973); *Ajaj v. Smith*, 108 Fed.Appx. 743, 744 (4th Cir. 2004).

3

Mr. Thomas' Motion. (Document No. 8.) On September 16, 2011, Mr. Thomas filed his Application to Proceed *in Forma Pauperis*. (Document No. 9.) Mr. Thomas, however, has not responded to the Court's Order that he file a "form Complaint specifying, among other things, the Defendant(s) in his Bivens action, his constitutional claims, and specific facts as to how each Defendant violated his constitutional rights." The Court's Order directing the filing of a form Complaint was nearly two years and six months ago. Accordingly, the undersigned has determined that Mr. Thomas has failed to take any steps to prosecute this action, and therefore, Mr. Thomas' case should be dismissed.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*.[5] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal

---

[5] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first factor, the Court finds that the delays in this case are attributable solely to Mr. Thomas as the Defendant has not been required to make an appearance in this action. Furthermore, Mr. Thomas has failed to respond to the undersigned's Order directing him to file a "form Complaint specifying, among other things, the Defendant(s) in his Bivens action, his constitutional claims, and specific facts as to how each Defendant violated his constitutional rights." Mr. Thomas, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, the record is void of further evidence indicating that Mr. Thomas has a history of "deliberately proceeding in a dilatory fashion" or that the Defendant has been prejudiced by the delays in this case.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Mr. Thomas that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Mr. Thomas would be improper or futile in view of Mr. Thomas' Application to Proceed *In Forma Pauperis*. Moreover, explicit warnings of dismissal would be ineffective in view of Mr. Thomas' failure to respond to the undersigned's Order entered approximately two years and six months ago advising Mr. Thomas that the undersigned would

recommend dismissal if Mr. Thomas failed to complete and file the above forms (Document No. 6.). In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice unless Mr. Thomas is able to show good cause for his failure to prosecute.[6]

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED**

---

[6] To the extent Mr. Thomas is asserting a claim against Defendant Cauley, the undersigned will briefly consider the merits of his claim. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. * * * Because vicarious liability is inapplicable to *Bivens* . . ., a plaintiff must plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001), cert. denied, 537 U.S. 1045 , 123 S.Ct. 621, 154 L.Ed.2d 517 (2002)("In a *Bivens* suit there is no *respondeat superior* liability. * * * Instead, liability is personal, based upon each defendant's own constitutional violations." (Citation omitted.)). Liability can be premised, however, "on a recognition that supervisory indifference or 'tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984), *cert. denied*, 470 U.S. 1035, 105 S.Ct. 1413, 84 L.Ed.2d 796 (1985). A plaintiff must show "a pervasive and unreasonable risk of harm from some specified source and that the supervisor's corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" *Id.* at 373. Evidence of a supervisor's continued inaction in the face of documented widespread abuses provides an independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates. *Id.* A supervisor's mere knowledge of a subordinate's unconstitutional conduct is therefore not enough. Rather, *Bivens* liability may be imposed upon a supervisor only on the basis of purposeful "violations of his or her supervisory responsibilities." *Ashcroft*, 556 U.S. at 677, 129 S.Ct. at 1949.

Essentially, Mr. Thomas appears to allege that Defendant Cauley violated his constitutional rights with respect to his failure to supervise employees. Mr. Thomas, however, has shown no personal involvement by Defendant Cauley and the record does not indicate any personal involvement by Defendant Cauley. A review of the record fails to reveal any evidence that Defendant Cauley intentionally ignored or condoned any unconstitutional conduct by his subordinates. Accordingly, Mr. Thomas' claim against Defendant Cauley under the doctrine of *respondeat superior* has no merit.

that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 9.), **DISMISS** Plaintiff's Complaint (Document No. 1 and 2.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: April 29, 2014.

R. Clarke VanDervort
United States Magistrate Judge