IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

MICHAEL THOMAS,

    Petitioner,

v.                              Civil Action No: 1:11-0449

E.K. CAULEY,
Warden

    Respondent.

**MEMORANDUM OPINION AND ORDER**

    By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Doc. No. 4.  Plaintiff initially brought this action as a petition for writ of habeas corpus in 2011.  By Order entered June 29, 2011, the magistrate judge construed the action as one filed under <u>Bivens v. Six unknown Named Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Doc. No. 6.  The same order required plaintiff to file a form complaint and application to proceed in forma pauperis within forty-five days of the date of entry of the order.  <u>Id.</u>  The Order warned plaintiff of the consequences of failing to comply with the Order – dismissal for failure to prosecute.  <u>Id.</u>  By Order entered August 3, 2011, the magistrate

1

judge granted plaintiff's motion for an extension of time to file these required documents. On September 16, 2011, plaintiff filed his application to proceed in forma pauperis (Doc. No. 9), but he failed to file the required form complaint. Plaintiff took no action in this case for nearly two and a half years. As such, the magistrate judge submitted his PF&R on April 29, 2014, in which he recommended that the district court deny plaintiff's application to proceed in forma pauperis (Doc. No. 9), dismiss plaintiff's complaint (Doc. Nos. 1 and 2) for failure to prosecute, and remove this matter from the court's docket. More specifically, the magistrate judge recommended "that this action be dismissed without prejudice unless Mr. Thomas is able to show good cause for his failure to prosecute." Doc. No. 10 at 6.

In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R. Plaintiff filed a document entitled "Plaintiff's Letter/Motion of Notification" in which he attempts to show good cause for his failure to prosecute. The court construes this document as objections to the PF&R. Petitioner's objections "do not direct the court to a specific error in the magistrate's [PF&R]" because they are "general and conclusory." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Normally, such non-specific objections would waive the right to a de novo review. Because petitioner is

2

proceeding pro se, however, his filings are held to a less stringent standard than if they were prepared by a lawyer and are construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). As such, the court has performed a de novo review. That said, a de novo review does not require an in-depth discussion of patently frivolous objections. After a de novo review, the court determines that plaintiff's objections are wholly meritless. The court adopts the magistrate judge's succinct factual and legal analysis in its entirety and adds the following.

Nothing in plaintiff's latest filing provides good cause for his failure to prosecute this action. Plaintiff makes several excuses for his inaction in this matter. He states that he is blind, that he doesn't have access to legal materials, and that he is living under "hostile conditions." Doc. No. 11. He believes these factors justify his delay and warrant an enlargement of time. Plaintiff has already been granted more time, and his failure to do anything in this case for over two years warrants dismissal. Doc. No. 11. Because plaintiff's objections are without merit, this action is dismissed without prejudice.

Accordingly, the court OVERRULES plaintiff's objections to Magistrate Judge VanDervort's PF&R. The court adopts the factual and legal analysis contained within the PF&R, DENIES

3

plaintiff's application to proceed in forma pauperis (Doc. No. 9), and DISMISSES plaintiff's complaint (Doc. Nos. 1 and 2) without prejudice.  The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se.

    IT IS SO ORDERED on this 18th day of July, 2014.

                            ENTER:

                            David A. Faber
                            Senior United States District Judge